UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HASSAN ALJARAH,

Plaintiff,

v.

SMILEY, CORLY, LEE, CORNETT, BURRIS, FLAKES, HARSHMAN, KILLINGSWORTH, ARCIENEGG,

Defendants.

CAUSE NO. 3:25-CV-344-GSL-AZ

## OPINION AND ORDER

Hassan Aljarah, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Aljarah alleges there was an explosion in the basement area of the dorm he was housed in at the Westville Correctional Facility (WCF) on January 28, 2025. He woke up coughing, and his eyes were burning from the smoke. Despite the inmates' pleas to go

outside to get some fresh air, "the c/o" (correctional officer) they spoke with would not let Aljarah or the others out of their dorm. ECF 1 at 2. Later, Aljarah was seen by a doctor who told him he had "inhaled a lot of smoke" which was why he was having trouble breathing. *Id*. Aljarah claims he still has "bouts of coughing and shortness of breath." *Id*.

Aljarah states there are no working fire alarms, emergency lights, or illuminated exit signs in his dorm building at WCF. He also claims there "isn't a working exhaust system to expel the smoke." *Id*. at 3. He briefly mentions other issues—the water has "particles" floating in it, roaches and rodents are "rampant," and there is only one toilet for eighty inmates. *Id*. at 4–5. He doesn't describe these issues or explain how they are related to the fire. Aljarah has sued Warden Smiley, E.C. Complex Director Ms. Corly, Captain Lee, Major Cornett, Lieutenant Burris, Sgt. Flakes, Sgt. Harshman, Sgt. Killingsworth, and Officer Arcienegg for monetary damages and for permanent injunctive relief to fix the fire safety issues.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). "An official can violate the Constitution if he or she exhibits deliberate indifference to hazardous conditions that may seriously harm an inmate. *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). Deliberate indifference encompasses both objective and subjective components:

> A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities,

> creating an excessive risk to the inmate's health and safety. Second, in covering the subjective component of the inquiry, the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate.

*Thomas*, 2 F.4th at 719–20 (internal quotation marks, citations, and brackets omitted). Put another way, an inmate can state a viable claim for deliberate indifference if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

With regard to the seriousness of the conditions, "[p]risons must 'provide humane conditions of confinement,' *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but that does not mean that prisons must provide a maximally safe environment free from any minor contaminants, *Carroll v. DeTella*, 255 F.3d 470, 472–73 (7th Cir. 2001)." *Fernandez Haire v. Hepp*, No. 25-1023, 2026 WL 2445437, at *1 (7th Cir. Aug. 20, 2026). "Generally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice,* 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). Allegations of vague "overall conditions" aren't sufficient. *Id*. Regarding state of mind, "[d]eliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee*

*Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc*., 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020); *see also Stockton*, 44 F.4th at 615.

Here, Aljarah claims "the c/o" at WCF refused to let him step outside during the fire. He doesn't explain who this individual was, nor does he attribute this refusal to any of the named defendants. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983.).

Even if he had identified this individual, his description of the circumstances surrounding the fire is impermissibly vague. He doesn't say how long he was subjected to the smoke, when he was let out of the dorm, and/or when he went to medical. He admits a doctor later told him he had inhaled a lot of smoke which caused breathing

issues, but he doesn't describe his medical care in any meaningful way.[1] Overall, Aljarah's allegations are insufficient to state a claim against any of the named defendants. *See, e.g., Taha v. Intl. Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("[A] complaint must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotations marks and citations omitted)); *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) ("A plaintiff must include adequate factual detail to lift his claims from mere speculative possibility to plausibility.") (citing *Ashcroft*, 556 U.S. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")).

Finally, although Aljarah claims there have been no fire drills and no working fire alarms, emergency lights, or illuminated exit signs in his dorm at WCF, none of these allegations suggest deliberate indifference on the part of the defendants. He describes a single fire during which inmates weren't evacuated before they experienced symptoms from the smoke. Even if some of the fire-safety equipment was malfunctioning or missing, he doesn't indicate who was responsible for installing or maintaining the equipment, nor does he allege they were notified of the deficiencies

---

[1] Similarly, his brief references to other seemingly unrelated conditions at WCF don't provide the court with any details about what happened to him, when it happened, or who was involved. Of note, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly urged district courts to "be alert" to the issue of unrelated claims. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

beforehand. To the extent he argues everyone named as a defendant was aware of the issues, these conclusory allegations don't state a claim. *See Aguilar*, 861 F.3d at 633; *Burks*, 555 F.3d at 594; *see also Taha*, 947 F.3d at 469; *Schillinger v. Kiley*, 954 F.3d at 994. At most, Aljarah's current claims sound in negligence, which isn't a constitutional violation. *Hildreth*, 960 F.3d at 425–26.

This complaint does not state any claims for which relief can be granted. If Aljarah believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He must only include related claims. *See Owens*, 860 F.3d at 436; *Wheeler*, 689 F.3d at 683; *George*, 507 F.3d at 607.

For these reasons, the court:

(1) DENIES the motion for status update (ECF 13) as moot;

(2) GRANTS Hassan Aljarah until **<u>October 7, 2026</u>**, to file an amended complaint with only related claims; and

(3) CAUTIONS Hassan Aljarah if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on August 31, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT